UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DIANE THAYSE, and<br>BABY THAYSE,<br><br>        Plaintiffs,<br><br>v.<br><br>JON BILANDER, PARK NICOLLET<br>CLINIC'S, ALL INDIVIDUALS YET<br>TO BE PROPERLY IDENTIFIED, and<br>ALL ENTITIES YET TO BE IDENTIFIED<br>AND NAMED,<br><br>        Defendants. | Civil No. 09-2034 (MJD/FLN)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff Diane Thayse's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which she is seeking leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that the IFP application be denied, and that this action be dismissed for lack of subject matter jurisdiction.

**I. BACKGROUND**

Most of Plaintiffs' current complaint is unintelligible. As far as the Court can tell, Plaintiffs are attempting to sue Defendants for medical malpractice. It is alleged that one of the Defendants, Jon Bilander, "had knowledge that the Plaintiff Diane Thayse suffered numerous cerebral hemorrhages;" that he "improperly prescribed prescriptions and deninded [sic] proper medical treatment;" and that he "saw serve [sic] swelling and

misdigonsased [sic] for the purpose of physical crippling the Plaintiff Diane Thayse and knew of other illegal activity that was harming Plaintiff Diane Thayse." The rest of Plaintiffs' complaint is merely a disjointed collection of statute citations, statute titles and unexplained legal phrases.

## II. DISCUSSION

Fed. R. Civ. P. 12(h)(3) requires that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." "Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991).

In this case, subject matter jurisdiction cannot be predicated on the "federal question" statute, 28 U.S.C. § 1331, because Plaintiffs have not pleaded any actionable claim for relief based on federal law. Although Plaintiffs' complaint includes several oblique references to federal laws, there are no specific factual allegations that could support any federal cause of action. Plaintiffs' unexplained references to various federal laws, and the conclusory accusations that Defendants have violated Plaintiffs' rights under those laws, do not state a cause of action under federal law.

While Plaintiffs' pro se pleading must be liberally construed, it still must allege some historical facts, which if proven true, would entitle Plaintiffs to some legal remedy against the named Defendants, based on some established rule of law. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). Even with the benefit of liberal construction, Plaintiffs' complaint does not state any claim based on federal law. At best, Plaintiffs'

2

vague allegations that Defendant Bilander did not properly treat Plaintiff Diane Thayse's alleged cerebral hemorrhages and "swelling" <u>might</u> arguably state a medical malpractice claim against him.[1] However, even if the complaint does state an actionable malpractice claim, that claim alone cannot be brought in federal court. There is no original federal subject matter jurisdiction over Plaintiffs' possible malpractice claim under the federal question statute, because any such claim would be based solely on <u>state</u> tort law principles – not federal law or the Constitution.

Plaintiffs could bring a medical malpractice claim in federal court if the requirements of the diversity of citizenship statute could be satisfied. <u>See</u> 28 U.S.C. § 1332. However, Plaintiffs expressly allege that they are Minnesota residents, and their submissions clearly indicate that some (or all) of the Defendants are Minnesota residents as well. (<u>See</u> Plaintiffs' civil cover sheet, and Plaintiffs' complaint at p. 1.) Therefore, subject matter jurisdiction cannot be predicated on diversity of citizenship.

In sum, Plaintiffs' complaint fails to state any cause of action based on federal law, and Plaintiffs cannot bring any state common law claims against the named Defendants in federal court, because diversity of citizenship is plainly absent. Thus, the Court concludes that this action must be summarily dismissed for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3). It follows that Plaintiff Diane Thayse's IFP application must be denied.

---

[1] The Court is not suggesting that Plaintiffs have actually pleaded an actionable malpractice claim against Bilander, (and they certainly have not pleaded any such claim against any other Defendant). Indeed, it is highly doubtful that Plaintiffs have pleaded any actionable claim at all. The Court finds only that <u>if</u> any actionable claim could be found in Plaintiffs' current pleading, it could <u>only</u> be a state common law claim for medical malpractice.

Finally, the Court notes that this is the fourth time during the past two years that Plaintiffs have filed a lawsuit in this District. To date, none of Plaintiffs' pleadings have stated any actionable claim for relief. This woeful record suggests that Plaintiffs have become abusive litigators in this District, and that a District Court Judge should consider whether Plaintiffs' ability to file future lawsuits in this District should be restricted. While this Court will not recommend that such restrictions be imposed at this time, Plaintiffs are now forewarned that they may lose their unrestricted access to this federal District Court if they file any more patently defective lawsuits here.

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff Diane Thayse's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

2. This action be summarily DISMISSED for lack of jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).

Dated: September 2, 2009

                                              s/ *Franklin L. Noel*
                                              FRANKLIN L. NOEL
                                              United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **September 16, 2009**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.